IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEON V. LIPSCOMB, R25793,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-01159-SMY |
| ) | |
| **NURSE PRACTITIONER JANE DOE,** ) | |
| **SECURITY GUARD JOHN DOE,** ) | |
| **NURSE JANE DOE,** ) | |
| **DR. JOHN DOE, and** ) | |
| **NURSES JOHN/JANE DOES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Keon Lipscomb's First Amended Complaint (Doc. 17) filed pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from an alleged assault by a prison guard at Carbondale Memorial Hospital on March 28, 2024. The First Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires this Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b). At this juncture, the allegations are liberally construed in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 17, pp. 1-9): While he was a patient at Carbondale Memorial Hospital on March 28, 2024, Plaintiff was assaulted by a prison guard who accompanied him from Menard Correctional Center. *Id*. at 6-9. Around 6:50 p.m., the officer entered his room and "slam[med]" his partner outside the door. The

1

officer then approached Plaintiff, threatened his life, and beat him for several minutes. Plaintiff was fully restrained in a hospital bed at the time. As the officer choked and beat him, Plaintiff thrashed around loudly, cried out for help, and begged the officer to stop. Afterwards, prison guards carried him outside to a vehicle and transported him from the hospital.[1]

During the incident, unknown members of the hospital staff gathered outside of his room. When they heard the commotion, they crowded around his door and listened to him scream and thrash. None of them entered the room or intervened to help. They also offered no medical treatment, even after seeing him obviously "beaten [and] defeated [and] weak." *Id*. at 9.

Plaintiff describes "Nurse Practitioner Jane Doe" who stood and listened to the officer attack him while offering no help and no medical treatment. *Id*. at 1. "Nurse Jane Doe" worked at a nurse's station outside Plaintiff's room and stood beside Nurse Practitioner Jane Doe during the incident. *Id*. at 2. "Dr. John Doe" treated the plaintiff before the assault and also stood watching with the others. *Id*. Various other "Nurses John/Jane Does" were aware of the assault. *Id*. Following the incident, "Security Guard John Doe" spoke with the officer who assaulted Plaintiff and then shook his hand, as the assaulting officer left the hospital. *Id*. at 2, 6-7, 9.

Plaintiff maintains that each defendant acted under color of state law and was considered a state actor pursuant to 42 U.S.C. § 1983 or, alternatively, a private citizen acting in concert with state actors at the time of Plaintiff's injuries. *Id*. at 6. He seeks monetary relief against Nurse Practitioner Jane Doe, Nurse Jane Doe, Dr. John Doe, Security Guard John Doe, and miscellaneous Nurses John/Jane Does. *Id*. at 8.

The Court designates the following claims in the *pro se* First Amended Complaint:

Count 1:   Eighth Amendment claim against Defendants for failing to intervene and

---

[1] These events form the basis of Plaintiff's claims against Menard officials who were involved in the assault of Plaintiff at Carbondale Memorial Hospital on March 28, 2024 in *Lipscomb v. Wills, et al.*, No. 24-cv-01233-NJR (S.D. Ill. filed May 6, 2024).

|  |  |
|---|---|
|  | protect Plaintiff from an assault by a Menard officer while he was at Carbondale Memorial Hospital on or around March 28, 2024. |
| Count 2: | Eighth Amendment claim against Defendants for failing to treat injuries Plaintiff sustained in the assault by a Menard officer at Carbondale Memorial Hospital on or around March 28, 2024. |

**Any other claim mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Preliminary Dismissals

Plaintiff describes misconduct by Menard officials, including the officer who allegedly assaulted him, the officer who stood outside his door, and the officers who carried him out of the hospital on March 28, 2024. (Doc. 17). Because he filed a separate lawsuit against these officers, *see Lipscomb v. Wills, et al.*, No. 24-cv-01233-NJR (S.D. Ill.), any claims asserted against them here are considered dismissed. This case involves only claims against the hospital staff.

### Discussion

Section 1983 authorizes claims against persons acting under color of state law to deprive an individual of his or her federally protected rights. *See* 42 U.S.C. § 1983. Private citizens are deemed to be "acting under color of state law" in the following situations: (1) where the private citizen conspires with a public employee to deprive the plaintiff of his constitutional rights; and (2) where the private citizen temporarily operates as a public officer, as in cases where the private citizen is informally "deputized" in an emergency to assist the police and help enforce the law. *Proffitt v. Ridgway*, 279 F.3d 503 (7th Cir. 2002). Here, Plaintiff alleges that all defendants were acting under color of state law when his claims arose.

The Eighth Amendment imposes a duty on state actors to "take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson*

*v. Palmer*, 468 U.S. 517, 526-27 (1984)).  To state a claim based on a failure to protect, a plaintiff must allege that: (1) the denial of protection posed a substantial risk of serious harm; and (2) each defendant acted with deliberate indifference to that risk.  *Farmer*, 511 U.S. at 834; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).  Plaintiff's allegations suggest that Nurse Practitioner Jane Doe, Nurse Jane Doe, Dr. John Doe, and Security Guard John Doe acted under color of state law when they allegedly failed to protect Plaintiff from the officer's attack.  Therefore, Count 1 will receive further review against these defendants.

An Eighth Amendment claim for the denial of medical care arises when a state actor-defendant responds to a plaintiff's objectively serious medical need with deliberate indifference.  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  An objectively serious medical need is one that has been diagnosed by a physician as requiring treatment or one where the need for treatment would be obvious to a lay person.  *Id*.  Deliberate indifference occurs when a defendant "know[s] of and disregard[s] an excessive risk to inmate health."  *Id*.  Plaintiff describes an assault involving choking and beating for several minutes while he was fully restrained and injuries that caused him to appear obviously "beaten [and] defeated [and] weak" as he was carried from his bed past the defendants.  (Doc. 17, p. 9).  Nurse Practitioner Jane Doe, Nurse Jane Doe, Dr. John Doe, and Security Guard John Doe allegedly made no effort to examine or treat him.  Based on these allegations, the Eighth Amendment medical deliberate indifference claim will proceed against these defendants in Count 2.

Nurses John/Jane Does will be dismissed from this action without prejudice.  Plaintiff's allegations are too vague and ambiguous to show the personal participation in a constitutional deprivation by each individual in this poorly defined group of male and female nurses.  The

4

allegations fall short of articulating a plausible claim against any person. *See Twombly*, 550 U.S. at 570. Accordingly, Counts 1 and 2 will be dismissed against Nurses John/Jane Does.

### Identification of Unknown Defendants

Plaintiff will be allowed to proceed with his claims against Defendants Nurse Practitioner Jane Doe, Nurse Jane Doe, Doctor John Doe, and Security Guard John Doe, once identified. All four individuals worked at Carbondale Memorial Hospital and were present during Plaintiff's assault by an officer around 6:50 p.m. on March 28, 2024. The defendants must be identified with particularity before service of the First Amended Complaint can be made on them.

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Current Warden of Menard Correctional Center and Carbondale Memorial Hospital's Chief Administrative Officer will be added as defendants, in their official capacities only, for purposes of identifying the unknown defendants by name. Once their names are discovered, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the First Amended Complaint.

### Disposition

The First Amended Complaint (Doc. 17) survives screening under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against **NURSE PRACITIONER JANE DOE, NURSE JANE DOE, DOCTOR JOHN DOE,** and **SECURITY GUARD JOHN DOE**, in their individual capacities, once identified. **CARBONDALE MEMORIAL HOSPITAL'S CHIEF ADMINISTRATIVE OFFICER** (official capacity only) and the **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only) are **ADDED** as defendants and are responsible for responding to discovery aimed at identifying the unknown defendants by name.

**ALL CLAIMS** against **NURSES JOHN/JANE DOES** are **DISMISSED** without prejudice because the First Amended Complaint fails to state a claim against this group.

The Clerk of Court shall prepare for the **CARBONDALE MEMORIAL HOSPITAL'S CHIEF ADMINISTRAITVE OFFICER** (official capacity only), the **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only) and, once identified, **NURSE PRACTITIONER JANE DOE, NURSE JANE DOE, DR. JOHN DOE,** and **SECURITY GUARD JOHN DOE** (individual capacities only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 17), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and SDIL-LR 8.2, Defendants need only respond to the issues stated in this Merit Review Order**. Carbondale Memorial Hospital's Chief

**Administrative Officer and the Current Warden of Menard Correctional Center are named in their official capacities only and need not file an Answer; a Notice of Appearance is sufficient.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD Defendant CARBONDALE MEMORIAL HOSPITAL's CHIEF ADMINISTRATIVE OFFICER (official capacity only) and the CURRENT WARDEN OF MENARD CORRECTOINAL CENTER (official capacity only) as defendants; TERMINATE Defendant NURSES JOHN/JANE DOES as defendants; and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:   March 11, 2025**                    *s/ Staci M. Yandle*
                                                **STACI M. YANDLE**
                                                **United States District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.